NORTHWESTERN IMPLEMENT Co. *vs.* JOHN S. ROWELL *et al.*

Submitted on briefs Jan. 5, 1893.   Decided Jan. 20, 1893.

Contract.

A certain contract construed.

Appeal by defendants John S. Rowell, Theodore B. Rowell, and Samuel W. Rowell, surviving members of the firm of J. S. Rowell, Sons & Company, from an order of the District Court of Hennepin County, *Smith,* J., made September 12, 1891, denying their motion for a new trial.

The plaintiff, the Northwestern Implement Company, a domestic corporation doing business at St. Paul, made an agreement September 1, 1886, with the firm of J. S. Rowell, Sons & Company, of Beaver Dam, Wis., to act as agent of the firm in the season of 1887, for the sale in Minnesota, Dakota and Montana, of seeders, drills, hay-rakes and threshing machinery manufactured by the firm. The material parts of the contract are stated in the opinion. Plaintiff obtained orders which were accepted, goods shipped and settlements made to the amount of $30,422.85. It obtained further orders which were accepted and goods shipped to the amount of $19,638.43. It obtained further orders for goods which were accepted to the amount of $22,761.19. This action was to recover the stipulated commissions, less payments made on account. The action was tried February 6, 1891, before the court without a jury. Findings were made and judgment ordered for plaintiff for a balance of $806.57. Defendants moved for a new trial, and being denied, appealed. The discussion here was as to the construction and legal effect of the contract.

*Reed & Kerr,* for appellants.

*Ripley, Brennan & Booth,* for respondent.

MITCHELL, J. This action was brought to recover for services rendered under contract by plaintiff, as agent, for the sale on commission of defendants' agricultural implements and machinery. By the terms of the contract plaintiff was to canvass certain territory

for orders or contracts for defendants' machinery, and submit them to defendants, who had the right to accept or reject. If the orders were accepted, the defendants were to ship the goods to plaintiff, which was to receive, store, and reship them to the purchasers, and then attend to "making settlements," by which was meant taking notes or cash from the purchasers after the goods were delivered. For these services the plaintiff was to receive as commission "ten per cent. of the net amount of *accepted settlements* for implements or machinery sold; said commission to be due and payable as follows: One-third of [on] gross amount of sales *when orders or contracts are accepted;* one-third *when goods are shipped,* and the *balance when settlements are made.*"

Although, by its terms, this contract was only for the season of 1887, yet the court, on sufficient evidence, finds that the parties continued to act under it until January 1, 1888.

The court also finds that after January 1, 1888, it was mutually understood between the parties that the agency should not be extended or continued beyond that date, and thereupon the defendants themselves undertook and proceeded with the completion of the unfinished business, the plaintiff to be compensated for services performed prior to that date (in the unfinished business) in the same ratio as if the plaintiff had pursued such work to completion. It is claimed that this finding is not justified by the evidence, but, after a careful perusal of the whole record, and especially the correspondence between the parties after January 1, 1888, we are of opinion that it justified the conclusion arrived at by the court.

On January 1, 1888, the condition of the business stood thus:

Certain orders, obtained in 1886 and 1887, had been accepted, the goods shipped, and settlements made therefor with the purchasers by plaintiff; other orders obtained by plaintiff had been accepted by defendants, and the goods shipped, but no "settlements" therefor had been made; other orders had been obtained by plaintiff for the season of 1888, and accepted by defendants, but the goods not yet shipped. The court adjusted the plaintiff's commissions on the following basis: On the first class, 10 per cent. on the amount of "settlements;" on the second class, 6⅔ per cent. on the amount of goods

shipped; and on the third class, 3⅓ per cent. on the amount of orders accepted. In view of the agreement found by the court, under which the agency was terminated in January, 1888, construed in the light of the terms of the original contract, we do not see why this basis of adjustment was not correct.

It is rather difficult, in view of some of the allegations of the answer, to determine just what construction the defendants intended to put upon the contract, but it seems to us that both in their pleading and on the trial they proceeded upon the theory that, not only was the amount of "accepted settlements" the basis of computation of all commissions, but also that until settlements were made no commission at all was due or payable. This is clearly wrong, for by the express terms of the contract one-third of the commission, to be computed on gross amount of sales, was made payable when the orders were accepted, and another third when the goods were shipped, at neither of which dates could settlements have possibly been made. It may be that by the terms of the original contract the aggregate amount of plaintiff's commission was to be only 10 per cent. on the amount of accepted settlements, and hence that when final adjustment of the matter was made after such settlements the "balance" due the plaintiff would be only what, with previous installments paid, would make in all 10 per cent. on net amount of settlements. But by terminating the agency in January, 1888, under the mutual agreement found by the court, it was fairly implied that plaintiff's compensation for services in connection with the unfinished business should be adjusted on the basis adopted by the court.

What has been said disposes of all the assignments of error that are of sufficient importance to be entitled to special consideration. Most of the others involve mere matters of figures and amounts, as to which we think the findings of the court are fully justified by the evidence.

Order affirmed.

(Opinion published 54 N. W. Rep. 186.)